IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**UNITED STATES OF AMERICA,**

**VS.** **CRIMINAL ACTION NO. 4:05CV34-P-B**

**ORLANDO LEWAYNE PILCHER,** **DEFENDANT.**

## ORDER

This matter comes before the court upon Defendant's motion to withdraw his plea of guilty [33-1]. Upon due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

With regard to withdrawal of a guilty plea, the Fifth Circuit Court of Appeals wrote in *U.S. v. Brewster*, 137 F.3d 853, 857-8 (5th Cir. 1998):

> A defendant has no absolute right to withdraw a guilty plea; however, the district court may permit withdrawal before sentencing upon a showing of a "fair and just reason." The district court's decision is discretionary and will not be disturbed, absent an abuse of discretion. Factors to consider when applying this standard of a fair and just reason are whether: (1) the defendant has asserted his innocence; (2) withdrawal will prejudice the government; (3) the defendant delayed in filing his withdrawal motion; (4) withdrawal would substantially inconvenience the court; (5) close assistance of counsel was available to a defendant; (6) the plea was knowing and voluntary; and (7) withdrawal would waste judicial resources. The district court is not required to make findings as to each of the *Carr* [*U.S. v. Carr*, 740 F.2d 339 (5th Cir. 1984)] factors. The decision to permit or deny withdrawal is based on the totality of the circumstances Finally, the burden of establishing a fair and just reason for withdrawing a guilty plea rests with the defendant.

(citations omitted).

Having considered all of the seven factors set out above and the Government's arguments regarding same, the court concludes that there is no fair and just reason for the court to allow the defendant to withdraw his plea of guilty.

1

After a thorough explanation given by the court regarding the defendant's rights at the plea hearing, the defendant knowingly and willingly plead guilty. There is no reason to doubt the defendant's intelligence or his ability to have contemplated the seriousness of the situation in the plea hearing. The defendant has never asserted his innocence. Indeed, the Government possesses audio and video recordings of the drug transactions between the informant and the defendant. The defendant waited four months after he plead guilty to file the instant motion, presumably because the sentence that U.S. Probation calculated for him was higher than he expected. That is not a sufficient reason in and of itself to justify a withdrawal of a guilty plea. Close and competent assistance of counsel was available to the defendant at all relevant times. Indeed, any problems associated with the defendant's feelings about his counsel were of the defendant's own doing for refusing to cooperate with the counsel provided to him free of charge. Most importantly, the plea of guilty was done knowingly and voluntarily. It is irrelevant whether the defendant was talked into pleading guilty by his family or friends. The defendant is an intelligent man who was and is ultimately responsible for his own decisions.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's motion to withdraw his plea of guilty [33-1] is **DENIED**.

**SO ORDERED** this the 21st day of February, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE